

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-23-00187-CV
_____

IN THE MATTER OF Z.C.

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2019-760,554, Honorable Douglas H. Freitag, Presiding

October 6, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

ZC appeals from an order transferring him from the custody of the Texas Juvenile Justice Department (TJJD) to the custody of the Texas Department of Criminal Justice (TDCJ) to complete a determinate sentence. *See* TEX. FAM. CODE ANN. § 54.11. We affirm.

The trial court initially adjudicated ZC of engaging in delinquent conduct, namely murder. *See* TEX. FAM. CODE ANN. § 51.03(a)(1) (describing delinquent conduct); TEX. PENAL CODE ANN. § 19.02 (describing offense of murder). According to the record, he and another male were in the process of committing burglary when confronted by a neighbor. ZC shot the neighbor. Thereafter, the trial court adjudicated him as engaging in delinquent conduct, i.e., murder, assessed a determinate sentence of thirty years, and

placed him with the TJJD.  Upon his turning 18, the State moved to transfer him to the TDCJ, which motion the trial court granted upon hearing the evidence.

ZC appealed and his court-appointed appellate counsel filed an *Anders* brief with an accompanying motion to withdraw.  *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see In re R.D.D.*, No. 07-22-00054-CV, 2022 Tex. App. LEXIS 6526, at *1-2 (Tex. App.—Amarillo August 29, 2022, no pet.) (mem. op.) (applying *Anders* procedure to juvenile proceedings).  Through the former, counsel represented that she thoroughly reviewed the record and found "no appealable issues."   So too did counsel provide a copy of the brief, motion to withdraw, and record to ZC, while informing him of his right to file a pro se response to them.  *See Kelly v. State,* 436 S.W.3d 313, 318-20 (Tex. Crim. App. 2014) (setting forth duties of counsel).  We notified both ZC and his mother of the same right and set September 27, 2023, as the deadline by which to file any response.  None was received.

Per *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) (orig. proceeding), we conducted our own independent examination of the record for arguable issues supporting an appeal.  It revealed none.  Thus, we affirm the Order of Transfer to the Institutional Division of the Texas Department of Criminal Justice.  However, no action is taken on counsel's motion to withdraw.  Rather, counsel's attention is called to the continuing duty of representation through the exhaustion or termination of all proceedings, which may include the filing of a petition for review.  *In re R.D.D.*, 2022 Tex. App. LEXIS 6526, at *2 n.2.

Brian Quinn
Chief Justice